# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>**v.**<br><br>LUIS PÉREZ-GREAUX,<br><br>**Defendant.** | **Criminal No.** 18-389 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Defendant Luis Pérez-Greaux ("Pérez") requests that the Court reconsider its Memorandum and Order adopting Magistrate Judge Marshal D. Morgan's report and recommendation ("R&R"), which denied Pérez's motion to suppress. See Docket No. 146; see also Docket Nos. 137 & 143. For the reasons set forth below, the Court **DENIES** Pérez's motion (Docket No. 146).

## I. BACKGROUND

On April 15, 2019, the Court issued a Memorandum and Order adopting the magistrate judge's R&R, which denied Pérez's motion to suppress. (Docket No. 143.) Now, Pérez requests that the Court reconsider its decision. (Docket No. 146.) According to Pérez, the Court incorrectly relied on United States v. Tanguay, 787 F.3d 44, 49-51 (1st Cir. 2015), and United States v. Gifford, 727 F.3d 92, 99 (1st Cir. 2013), in concluding that the confidential

informant's tip sufficiently establishes probable cause for the search warrant without further corroboration. Id. at p. 1. Pérez provides a detailed review of the facts in Tanguay and Gifford and contends that his case is distinguishable. Id.

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration. See United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) (citation omitted) ("[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule."). The First Circuit Court of Appeals, however, applies Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") to motions for reconsideration arising in the criminal context. See, e.g., United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (applying Rule 59(e) to a motion for reconsideration in a criminal case). Although Pérez does not identify the statutory source for his motion for reconsideration, the Court applies the Rule 59(e) legal standard to Pérez's motion.

Pursuant to Rule 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted). A motion for reconsideration

does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment."  Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (citation omitted).  "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court."  Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc., 322 F.R.D. 439, 441 (D.P.R. 2017) (Besosa, J.) (citations omitted).  "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly."  Morán-Vega v. Rivera-Hernández, 381 F. Supp. 2d 31, 36 (D.P.R. 2005) (Domínguez, J.).

In deciding a motion for reconsideration, the reviewing court has considerable discretion.  Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004).  "As a general rule, motions for reconsideration should only be exceptionally granted."  Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.).  "Rule 59(e) relief is granted sparingly."  Biltcliffe, 772 F.3d at 930.

**III. DISCUSSION**

Pérez's motion for reconsideration is unavailing because he neither demonstrates a manifest error of law, nor presents newly discovered evidence. See Biltcliffe, 772 F.3d at 930. The Court relied on the legal standards set forth in Tanguay and Gifford in its Memorandum and Order, not Tanguay's and Gifford's underlying facts. (Docket No. 143.) Factual distinctions and alternative legal interpretations, however, do not amount to "a manifest error of law." See Nelson v. Long Reef Condo. Homeowners Ass'n, No. 2011-0051, 2017 WL 1823040, at *5 n.2 (D.V.I. May 5, 2017) ("[T]he factual distinctions between the cases noted by Defendant do not establish that the Court committed a manifest error of law or fact."). Any new argument set forth in Pérez's motion for reconsideration is based on formerly available evidence and thus could and should have been presented to the Court prior to its opinion. See Iverson, 452 F.3d at 104. Pérez can no longer raise these arguments. See id. Additionally, all arguments that were previously submitted to the Court in Pérez's earlier motions cannot be reconsidered. See Harley-Davidson, 897 F.2d at 616. Having already addressed Pérez's arguments in the Court's decision, see Docket No. 143, the Court **AFFIRMS** its Memorandum and Order adopting the magistrate judge's R&R denying Pérez's motion to suppress

(Docket No. 143), and **DENIES** Pérez's motion for reconsideration. (Docket No. 146.)

**IV. CONCLUSION**

For the reasons stated, Pérez's motion for reconsideration (Docket No. 146) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 3, 2019.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE