**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff**, | |
| **v.** | **Criminal No.** 18-389 (FAB) |
| LUIS O. PÉREZ-GREAUX, | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Pursuant to 18 U.S.C. § 3583(e)(1), defendant Luis O. Pérez-Greaux ("Pérez") moves the Court for early termination of his term of supervised release.  (Docket No. 350.)  The government opposes Pérez's request (Docket No. 354), but his probation officer does not oppose (Docket No. 355).  For the following reasons, Pérez's motion for early termination of supervised release is **DENIED.**

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release . . . ." The court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id.  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when

Criminal No. 18-389 (FAB)                                                          2

determining whether to grant early termination." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (internal citation omitted). "[C]ompliance with the terms and conditions of supervised release, though laudable, is generally not grounds for early termination." United States v. Flecha-Maldonado, Crim. No. 01-00615-2 (RAM), 2020 U.S. Dist. LEXIS 94549, at *5 (D.P.R. May 28, 2020) (Arias, C.J.) (quoting United States v. Farmer, No. 1:05-cr-00088-JAW, 2015 U.S. Dist. LEXIS 145925, at *2 (D. Me. 2015)) (alterations omitted).  On the other hand, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Melvin, 978 F.3d at 53.  In general, a court's determination of whether a reduction in the term of supervision is warranted is based on weighing the sentencing factors in 18 U.S.C. § 3553(a), excluding section 3553(a)(2)(A).  See 18 U.S.C. § 3583(e); United States v. Guzmán-Madera, Crim. No. 1:22-cr-10189-IT, 2025 U.S. Dist. LEXIS 75246, at *2 (D. Mass. Apr. 16, 2025).  The exclusion of section 3553(a)(2)(A), which requires a sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," highlights that "[s]upervised release fulfills rehabilitative ends." Guzmán-Madera, 2025 U.S. Dist. LEXIS 75246, at *2 (citing United States

Criminal No. 18-389 (FAB)                                                    3

v. Johnson, 529 U.S. 53, 59 (2000)).

The Court finds that early termination of Pérez's supervised release is not warranted. The Court commends Pérez for his progress towards rehabilitation and re-integration into the community. The Court is not convinced, however, that he has demonstrated that a reduction of his term of supervision is warranted in the interest of justice. His compliance with his release conditions is "merely doing what [he] himself agreed to do and what the law requires he does." United States v. Peters, Crim. No. 18-10449-NMG, 2024 U.S. Dist. LEXIS 189348, at *2 (D. Mass. Oct. 17, 2024). Pérez does not advance any other reason that would justify a departure from his previously imposed term of supervision. His conditions of supervision are not interfering with his ability to treat his medical conditions. See Docket No. 350 at p. 2. Additionally, Pérez committed his current offense while he was still serving prior criminal justice sentences. See Docket No. 276 at pp. 14-18. Last, he has served substantially less than half of his prescribed term of supervision – just under 19 months out of a total of 48 months. See Docket No. 350 at p. 1; Flecha-Maldonado, 2020 U.S. Dist. LEXIS 94549, at *8 (noting that defendant had served less than half of his term of supervision in deciding to deny request for early termination).

Accordingly, the Court finds that early termination of

Criminal No. 18-389 (FAB)                                              4

Pérez's supervised release term is not warranted.  Pérez's motion

for early termination of supervised release is **DENIED**.  (Docket

No. 350.)

     **IT IS SO ORDERED.**

San Juan, Puerto Rico, July 1, 2026.

                s/ Francisco A. Besosa
                FRANCISCO A. BESOSA
                SENIOR UNITED STATES DISTRICT JUDGE